[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11780
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cv-02067-LSC-TMP

GEORGE WALTER PRESLEY,

Plaintiff-Appellant,

versus

LT. LATONYA SCOTT,
CARL SANDERS, Captain,
KIM TOBIAS THOMAS, Commissioner,
WARDEN,
JOSEPH HEADLEY, Warden II, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 15, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

George Walter Presley, a pro se prisoner proceeding *in forma pauperis*,

appeals the dismissal of his 42 U.S.C. § 1983 complaint for failing to exhaust his

administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Presley alleges that prison employees confiscated and destroyed his Native American religious items.  After the items were confiscated, Presley met with prison officers Scott McDowell and J. Hamilton and claimed the confiscated items were religious in nature.  Presley then met with Captain Carl Sanders, who informed him that Warden Davenport instructed him to destroy the items.  Presley requested to ship the materials home; his request was denied.  Presley then spoke to Chaplain Brown, who told him that he was unable to help.

In response to Presley's legal complaint, defendants asserted that Presley's claims should be dismissed because he failed to exhaust his administrative remedies.  Under Administrative Regulation 313 (AR 313), Presley was required to submit a request first to the chaplain and then, if the chaplain was not able to resolve the request, to file a grievance with the warden or warden's designee.  The magistrate judge recommended that his complaint be dismissed because he did not follow the specific procedures of AR 313.  Presley argued that he diligently pursued his grievances through the channels available to him.  Besides the meetings described above, Presley sent letters to Commissioner Kim Thomas, the Alabama Department of Corrections Legal Division, and to Chaplain Woodfin.  Also, Presley argued that inmates had no way of knowing about the requirements of AR 313 and that nobody ever made him aware of the specific requirements of

2

AR 313.  The district court adopted the magistrates judge's report and recommendation and dismissed Presley's claims without prejudice.

On appeal, Presley argues that the district court erred in dismissing his complaint because AR 313 was not available to him.

We review de novo the district court's dismissal of a lawsuit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a).  *See Alexander v. Hawk*, 159 F.3d 1321, 1323 (11th Cir. 1998).

Section 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), provides that "[n]o action shall be brought . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."  By the "plain language" of § 1997e(a), exhaustion is a "precondition to filing an action in federal court."  *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (internal quotation marks omitted).  However, an administrative procedure that is "unknown and unknowable is unavailable."  *Goebert v. Lee Cty.*, 510 F.3d 1312, 1323 (11th Cir. 2007).  For an administrative remedy to be "available" under the PLRA it must be able to be used to achieve its intended purpose.  *See id.*; *Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008).  If an administrative remedy is unavailable to a prisoner, we do not require a prisoner to exhaust it.  *See Goebert*, 510 F.3d at 1324.

3

Upon a careful review of the record, we find that Presley exhausted his administrative remedies because AR 313 was unavailable to him.  It is the defendant's burden to prove a plaintiff has failed to exhaust his administrative remedies, which requires evidence that the administrative remedies are available to the plaintiff.  *Turner*, 541 F.3d at 1082.  According to Presley's complaint, the only access prisoners have to the regulations are through the law library computer.  Attached to his complaint is an index from that computer (Attachment 1A) which lists the Administrative Regulations but omits AR 313.  Beyond Presley's lack of access to any information about AR 313, defendants provide no evidence that any one of the numerous people Presley contacted about this issue informed him of AR 313.  This is even more concerning because two of the people involved in Presley's efforts—Chaplain Brown and the warden—are the people with whom AR 313 requires Presley to file a grievance.  We cannot condone defendants limiting access to a procedure and then protecting themselves from a suit by alleging the prisoner failed to use that specific procedure.  *See Goebert*, 510 F.3d at 1323 ("If we allowed jails and prisons to play hide-and-seek with administrative remedies, they could keep all remedies under wraps until after a lawsuit is filed and then uncover them and proclaim that the remedies were available all along.").

We hold that the administrative procedures for filing and appealing religious grievances were unavailable to Presley and that he therefore has satisfied the

4

exhaustion requirement of 42 U.S.C. § 1997e(a).  *See id.* ("That which is unknown and unknowable is unavailable.").  We reverse the district court's decision and remand for further proceedings.

**REVERSED AND REMANDED.**